TERRY F. SCHAPLOW, P.C.
1700 West Koch, Suite 11
Bozeman, Montana 59715
(406) 587-2767
Fax (406) 586-4922
tfschaplow@imt.net
Attorney for Plaintiff

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER LEROY GOOLSBY, ) | |
| ) | |
| Plaintiff-Appellant, ) | USCA No. 10-35379 |
| ) | Appeal filed on: 04/20/10 |
| v. ) | |
| ) | USDC No. CV-08-111-BLG-CSO |
| DARREN RANEY, individually and as the ) | |
| Chief of Police and as agent of the City of ) | Magistrate Judge Carolyn S. Ostby |
| Livingston, CAPTAIN GLENN FARRELL, ) | |
| individually and as agent of the City of ) | |
| Livingston, OFFICER JOSEPH HARRIS, ) | **GOOLSBY'S RESPONSE TO** |
| individually and as agent of the City of ) | **ALL APPELLEES' MOTION** |
| Livingston, CAPTAIN JAY O'NEILL, ) | **TO DISMISS APPEAL FOR** |
| individually and as agent of Park County, ) | **LACK OF JURISDICTION** |
| CLARK CARPENTER, individually and as ) | |
| agent and Sheriff of Park County, THE ) | |
| CITY OF LIVINGSTON, a political ) | |
| subdivision of the State of Montana, and ) | |
| PARK COUNTY, a political subdivision of ) | |
| the State of Montana, ) | |
| ) | |
| Defendants-Appellees. ) | |

On May 13, 2010, the Park County Defendant (Park County, Carpenter and O'Neill) moved to dismiss Goolsby's April 20, 2010 Notice of Appeal (Dkt 97) as being premature, interlocutory. These Defendants also claimed that Goolsby should have obtained a Rule 54(b) order, since the order appealed from did not adjudicate all claims of all the parties (Dkt 7336267).

On May 17, 2010, Defendants Farrell and Harris joined in the Park County Defendants' motion (Dkt 7339578).

After Goolsby's review of the authorities contained in the Park County's motion, it appears that said motion is well taken. The reason that Goolsby filed his notice of appeal when he did was to not lost his right to appeal the magistrate's decision, due to the running of the thirty day time limit under FRAP 4(a)(1).

Goolsby's research at that time indicated that, if an appeal is taken prior to the court's Rule 54(b) order, most circuits have ruled that a subsequent Rule 54(b) determination will correct the appeal, *see e.g., Barrett ex rel. Estate of Barrett v. U.S.* (1st Cir. 2006) 462 F.3d 28, 34-35, *cert. den.* (U.S. 2007) 127 S.Ct. 2265, 167 L.Ed. 1093; *U.S. v. Brown* (10th Cir. 2003) 348 F.3d 1200, 1206; *Lewis v. B.F. Goodrich Co.* (10th Cir. 1988) 850 F.2d 641; *Tidler v, Eli Lilly & Co., Inc.* (D.C., Cir. 1987) 824 F.2d 84, 85-87 (*per curiam*).

Nonetheless, Goolsby has determined that the more prudent course would be to allow the appeal to be dismissed without prejudice and file the appropriate

motion in the lower court. Goolsby will not be violating the thirty day time limit for appeal by doing so.

    DATED this May 26, 2010.

        /s/ Terry F. Schaplow
        Terry F. Schaplow, P.C.
        Attorney for Plaintiff - Appellant

## CERTIFICATE OF SERVICE

    I hereby certify that on May 26, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

    I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

        /s/ Terry F. Schaplow
        Terry F. Schaplow, P.C.
        Attorney for Plaintiff - Appellant